UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NORBERTO RIVERA, | : | PRISONER CASE NO. |
| Plaintiff, | : | 3:10-cv-1324(JCH) |
| | : | |
| | : | |
| CAPTAIN DORAZKO, et al., | : | AUGUST 26, 2011 |
| Defendants. | | |

**INITIAL REVIEW ORDER**

The plaintiff, Norberto Rivera "Rivera," is currently incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut. He has filed an Amended Complaint *pro se* under 42 U.S.C. § 1983, naming Captains Dorazko and Otero and Correctional Officers Jasenec, Allen, Stone and Gingras as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a

formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

Rivera alleges that in August 2008, he was confined at MacDougall Correctional Institution ("MacDougall"). On August 29, 2008, Correctional Officers Stone, Jasenec, Stofin, Gingras and Dersey performed a search of his cell. At the time of the search, Rivera was working as a registered nurse's aide in the medical unit at MacDougall.

After the search, Captain Dorazko interviewed Rivera regarding items that had been confiscated from his cell. Correctional Officer Jasenec then issued Rivera a disciplinary ticket for theft of supplies from the medical unit. Correctional Officer Allen, in his role as investigator, interviewed Rivera regarding the disciplinary report charge. On September 4, 2008, after interviewing Rivera and considering other evidence, Investigator Allen substituted a contraband charge for the original charge of theft.

Captain Otero held a disciplinary hearing on September 18, 2008. Captain Otero found Rivera guilty and sanctioned him to fifteen days confined to quarters and a suspended sentence of ten days of punitive segregation. Rivera alleges that, as a result of the guilty finding, he was not eligible to participate in the Extended Family Visiting Program or have contact visits for six months. Rivera cites to numerous procedural violations of the State of Connecticut Administrative Directives governing disciplinary reports and hearings. He seeks monetary damages.

To the extent that Rivera sues the defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); Quern v. Jordan, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). The claims against the defendants in their official capacities, therefore, are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

To state a claim for violation of procedural due process, Rivera must show that he had a protected liberty interest and, if he had such an interest, that he was deprived of that interest without being afforded due process of law. See Tellier v. Fields, 230 F.3d 502, 511 (2d Cir. 2000) (citations omitted). In Sandin v. Connor, 515 U.S. 472 (1995), the Supreme Court established the appropriate standard for determining the existence of a protected liberty interest in due process claims involving prison disciplinary hearings. The Court held that a protected liberty interest generally will arise only where, as punishment for alleged misconduct, a prisoner is involuntarily placed in confinement which is "'qualitatively different' from the punishment characteristically suffered by a person convicted of a crime and results in 'stigmatizing consequences.'" Id. at 479 n.4 (quoting Vitek v. Jones, 445 U.S. 480, 493-94 (1980)). Thus, to show that a liberty interest is sufficient to invoke the protections of the Due Process Clause, a prisoner must establish both that his resulting confinement or restraint creates an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and that the state has enacted a regulation or statute which grants inmates a protected liberty interest in remaining free from that confinement or restraint. Sandin, 515 U.S. at 484; see Frazier v.

Coughlin, 81 F.3d 313, 317 (2d Cir. 1996).

Inmates should reasonable anticipate confinement in segregation. See Russell v. Scully, 15 F.3d 219, 221 (2d Cir. 1993). The Second Circuit has not adopted a bright line rule to determine when confinement constitutes an atypical and significant hardship. See Palmer v. Richards, 364 F.3d 60, 64 (2d Cir. 2004). However, courts within the Second Circuit have consistently held that "keeplock or [segregated housing unit] confinement of 30 days or less in New York prisons is not 'atypical or significant hardship' under Sandin." Williams v. Keane, No. 95 CIV. 0379, 1997 WL 527677, at *6 (S.D.N.Y. Aug. 25, 1997) (collecting cases); see also Nicholson v. Murphy, No. 302CV1815, 2003 WL 22909876, at *10-11 (D. Conn. Sept. 19, 2003) (holding that confinement in segregation under thirty days is not an atypical and significant hardship).

Rivera alleges that he received a suspended sentence of ten days in punitive segregation and fifteen days of confinement to quarters, but he has alleged no facts suggesting that these sanctions were qualitatively different from ordinary prison life. Rivera also claims that, as a result of the guilty finding, he could not have contact visits for six months following the date of the finding and was suspended indefinitely from participating in the Extended Family Visit Program. A prisoner has no constitutionally protected right to contact visits. See Overton v. Bazzetta, 539 U.S. 1226, 134-37 (2003) (denial of contact visits "is a proper and even necessary management technique to induce compliance with rules of inmate behavior" and does not violate the Eighth Amendment or constitute "a dramatic departure from accepted standards for conditions of confinement"); Daniels v. Arapahoe County Dist. Court, 376 Fed. Appx. 851, 855 (10th Cir. 2010) (loss of contact visits does not violate due process). Similarly, a prisoner has no constitutionally

protected right to participate in an Extended Family Visit Program. See Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996) (holding that "state regulations permitting correctional facilities to allow conjugal visits to prisoners" did not create a liberty interest in such visits).

Thus, the court concludes that the disciplinary measures taken against Rivera do not constitute atypical and significant hardships and do not give rise to a liberty interest under Sandin. The plaintiff's Due Process claims against the defendants fail to state a claim upon which relief may be granted and are dismissed. See 28 U.S.C. § 1915A(b)(1).

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The claims against all defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The claims against the defendants in their individual capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The court declines to exercise supplemental jurisdiction over any state law claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 715-26 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts).

(2) If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

(3) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Initial Review Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4) The Clerk is directed to enter judgment for the defendants and close this

case.

**SO ORDERED** this 26th day of August, 2011, at Bridgeport, Connecticut.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge